UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RICO AUNDRE BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:21-cv-00144-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| DOCTOR PERKINS, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |
| | ) | |

*** *** *** ***

Plaintiff Rico Aundre Berry is a federal inmate currently confined at the Federal

Correctional Institution ("FCI") – Manchester located in Manchester, Kentucky.  Proceeding

without an attorney, Mr. Berry has filed a civil rights complaint against prison officials, [R. 1], as

well as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [R. 3], a motion for

preliminary injunction [R. 5], and a motion to appoint counsel.  [R. 6.]

Because Mr. Berry has requested permission to proceed *in forma pauperis*, the Court

must conduct a preliminary review of Mr. Berry's complaint pursuant to 28 U.S.C.

§§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir.

1997).  The Court evaluates Mr. Berry's complaint under a more lenient standard because he is

not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321

F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts the plaintiff's factual allegations

as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

The allegations of Mr. Berry's complaint are set forth in a rambling, confusing, and disjointed manner, thus the factual basis for his claims (and against whom his claims are asserted) is not entirely clear. In contrast, a proper complaint must set forth its claims against each defendant in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Regardless, from what the Court is able to ascertain, Mr. Berry alleges that neither the osteoarthritis in his knee nor a hernia have been treated properly by medical officials at either United States Penitentiary ("USP")-McCreary (where he arrived at the end of 2018) or at FCI-Manchester (where he arrived in or around March 2020). He claims that his medical treatment has been delayed and the treatment provided is inadequate and ineffective. He refers to a specific incident during November 2020 when he pressed the emergency button to get medical assistance because of excessive swelling in his right knee, but he was told by a nurse that he could not be transported to a hospital because the prison was understaffed. He claims that he has been waiting for surgery since February 18, 2021, and his knee continues to worsen. He also complains that, although Dr. Perkins ordered an MRI in April 2021, it was not done until August 2021. He then alleges that he was sent out to have emergency surgery on August 19, 2021, but when he arrived, the surgeon declined to perform the surgery. Berry claims that he was told by an "outside doctor" that his knee is so damaged because of the delay in treatment that his knee would need to be removed, which the doctor said he is unable to do. [R. 1.]

Mr. Berry also alleges that he sought to pursue his administrative remedies for this matter "late last year 2020 and early this year 2021," but his Case Manager Ms. Marcum and Unit Counselor Sizemore "denied only to deprive me from seeking any relief through administrative remedy they mis-conduct further delayed me seeking early relief from my delayed medical treatment." [R. 1 at 6.] Mr. Berry further claims that he was retaliated against by Marcum and Sizemore for seeking to exhaust his administrative remedies, although he does not offer any further detail regarding the specific retaliatory conduct that is the basis for this conclusory allegation.

Based on all of these allegations, Mr. Berry brings claims under the First and Eighth Amendments against Defendants Clinical Director Perkins, Associate Warden Ms. Ray, Nurse Jane Doe, Counselor Sizemore, and Case Manager Marcum, each of whom are employed at FCI-Manchester, and Doctor John Doe at USP-McCreary. [R. 1 at 1–3.]

The Court has reviewed Mr. Berry's complaint and concludes that it must be dismissed without prejudice, as it is evident from the face of the complaint that he has not fully exhausted his administrative remedies with respect to his claims. Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). Further, mere attempts at exhaustion are not enough; instead, the PLRA requires "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has defined proper exhaustion as "using all steps that the agency

holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff.   28 C.F.R. § 542.13.   If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond.   *See* 28 C.F.R. §§ 542.14(a) and 542.18.   If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond.   *See* 28 C.F.R. §§ 542.15 and 542.18.   If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.   *See* 28 C.F.R. §§ 542.15 and 542.18; *see also* BOP Program Statement 1330.18 (Jan. 6, 2014).

Despite Mr. Berry's allegations that Marcum and Sizemore denied him administrative remedy documents from late 2020 through early 2021, Mr. Berry's complaint alleges that he filed a grievance relating to his claims by filing a request or appeal to the Warden on August 6, 2021, and then filing an appeal to the Regional Director on August 10, 2021. [R. 1 at 8.]  Mr. Berry left blank the portion of the form complaint that would indicate whether he appealed to the Office of General Counsel.  *Id.*

Mr. Berry also attaches copies of his administrative grievance documents with his complaint.[1]   This documentation indicates that Berry submitted a "sensitive" BP-10 Regional Administrative Remedy Request complaining of inadequate medical treatment of osteoarthritis in his knee on May 15, 2021, although this appeal was rejected on or around May 25, 2021,

---

[1] Although the sufficiency of the complaint is generally tested with reference only to the face of the complaint itself, *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013), the Court may consider a document attached to the complaint in determining whether dismissal is proper.  *Cates v. Crystal Clear Techs., LLC,* 874 F.3d 530, 536 (6th Cir. 2017) (citations omitted).

4

because it was not sensitive.[2]  The rejection notice instructed Berry to file a request or appeal at the appropriate level via the regular procedures.  [R. 1-3 at 10–12, Exhibit G, H.]

On or around June 14, 2021, Mr. Berry submitted an Informal Remedy Request with officials at FCI-Manchester complaining that he had been waiting for knee surgery for six months.  The Request indicates that the matter was discussed with Berry on June 22, 2021.  *Id.* at 1, Exhibit A, B.[3]  Mr. Berry then submitted a BP-9 Administrative Remedy Request to the Warden on or around June 24, 2021.  *Id.* at 3–4, Exhibit C.  After requesting additional time to respond to Mr. Berry's request, the Warden responded on August 5, 2021.  *Id.* at 5–7, Exhibit D, E.  Mr. Berry claims that he appealed the Warden's decision via a BP-10 Regional Administrative Remedy Appeal dated August 10, 2021, although the copy submitted by Mr. Berry does not indicate whether it was actually received by the Regional Director and, if so, on what date.  *Id.* at 8–9, Exhibit F.

While Mr. Berry does not indicate whether he received a response from the Regional Director, the Regional Director has 30 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18. Mr. Berry signed his complaint on August 22, 2021, well before this 30-day time period expired. [R. 1 at 12.]  Moreover, both Mr. Berry's complaint and the documentation that he submits in support of it are clear that Mr. Berry did not appeal the denial of any of his grievances to the Office of General Counsel, which is required to fully exhaust the administrative grievance process.  Indeed, even if Mr. Berry had received a response to his August 10, 2021, appeal from

---

[2] By regulation, if an inmate reasonably believes that an issue is "sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit a Remedy Request directly to the appropriate Regional Director."  28 C.F.R. § 542.14(d)(1).  If the Regional Administrative Remedy Coordinator does not agree that the Request is sensitive, the Request is not accepted and the inmate will be advised of the determination in writing and may then pursue the matter by submitting an Administrative Remedy Request locally to the Warden.  *Id.*

[3] While the Request Form refers to both "6-22-21" and "6-22-18," it appears that the references to 2018 are clerical errors, as the informal response clearly refers to medical treatment that Mr. Berry received on various dates in 2021. [R. 1-3 at 1–2.]

5

the Regional Director, and even if he had appealed that response to the General Counsel, the 40-day time period within which the General Counsel may respond could not have expired prior to the date that he signed his complaint (August 22, 2021).

The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016).  If the failure to exhaust administrative remedies is apparent from the face of the complaint, it is subject to dismissal upon initial screening. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017); *see also Jones v. Bock*, 549 U.S. at 214–15 (district court may dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense).

Where a plaintiff has filed a complaint prior to fully exhausting his available administrative remedies, a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the jail's grievance procedures with respect to his concerns. *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011).  Because Mr. Berry has not fully exhausted his administrative remedies available via the BOP's grievance process, his claims are premature, rendering dismissal of his complaint without prejudice appropriate.  Furthermore, the Court will decline to impose the filing fee at this time and will instead deny his motion to proceed *in forma pauperis* as moot.[4]  His motions for

---

[4] While the Court will deny Mr. Berry's motion to proceed *in forma pauperis* as moot and decline to impose the filing fee, Mr. Berry's fee motion would have been denied without prejudice regardless because it is not supported by inmate account information that is certified by prison staff as required by 28 U.S.C. § 1915(a)(2).  Federal law requires that a motion to pay the filing fee in installments filed pursuant to § 1915 be accompanied by "a *certified* copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint…, obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2) (emphasis added).  The Court will not grant a motion to proceed *in forma pauperis* unless it is supported by the certified information required by § 1915(a)(2).

preliminary injunction [R. 5] and motion to appoint counsel [R. 6] will likewise be denied as moot.

Accordingly, it is hereby **ORDERED** as follows:

1.  Mr. Berry's complaint **[R. 1]** is **DISMISSED WITHOUT PREJUDICE** to his ability to re-file his claims in a new case after the administrative remedy process is complete;

2.  All pending requests for relief, including Mr. Berry's motion for leave to proceed *in forma pauperis* **[R. 3]**, his motion for preliminary injunction **[R. 5]**, and his motion to appoint counsel **[R. 6]** are **DENIED AS MOOT**;

3.  **JUDGMENT** shall be entered contemporaneously with this Order; and

4.  This matter is **STRICKEN** from the Court's docket.

This the 3d day of September, 2021.

Gregory F. Van Tatenhove
United States District Judge